DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com (Lead Counsel)
ASHLEY PEARSON (S.B. #281223)
  apearson@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendants
Warner Bros. Entertainment Inc.,
Katja Motion Picture Corp., and
New Line Productions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY T. GERRITSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; KATJA MOTION PICTURE CORP., a California corporation; and NEW LINE PRODUCTIONS, INC., a California corporation,<br><br>Defendants. | CV14-3305-MMM (CWx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>The Hon. Margaret M. Morrow<br><br>**Hearing Date:** Sept. 29, 2014<br>**Hearing Time:** 10:00 a.m.<br>**Courtroom:** 780 |

1    Rather than follow proper procedure to amend her complaint in the many
2    months since defendants raised their challenges to it, Ms. Gerritsen asks the Court
3    to amend her complaint for her, by taking judicial notice of *15* supposed new facts
4    and *45* supporting exhibits, none of which appear in her complaint.  The Court
5    should not permit this evasion of the Federal Rules.  Moreover, the vast majority of
6    her new sources are pages from third-party websites, which bear none of the indicia
7    of reliability required to take judicial notice.  The Court should not, and need not,
8    consider these inadmissible materials in resolving defendants' Motion To Dismiss.

*1. Ms. Gerritsen's Request Violates The Pleading Rules.*  Ms. Gerritsen has had over three months to amend her complaint since defendants first challenged its deficiencies.  *See* Docket No. ("DN") 9-1 Exs. F & G.  Rather than do so, she asks the Court to notice 45 new exhibits and 15 new "facts" attached to her opposition brief.  Federal Rules of Civil Procedure 7 and 12(b)(6) limit materials considered on a Motion to Dismiss to the operative "pleadings," and, thus it is a well-known rule that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *see Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," as these sorts of "'new' allegations … are irrelevant for Rule 12(b)(6) purposes."); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"; a party may not "unilaterally amend [her] complaint at will"); 2 MOORE'S FEDERAL PRACTICE - CIVIL § 12.34 (3d ed. 2014) (A "court may not … take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

*2. Third-Party Websites.*  Of Ms. Gerritsen's proposed 45 new exhibits, 36 are print-outs from third-party websites like "Whatculture.com," "Slashfilm.com,"

1  and "Wikipedia," many of which re-print the same hearsay and unreliable,
2  inaccurate information.  *See* Exs. 7-29, 30-41, 44-45.  Such hearsay—particularly in
3  "Wikipedia"—is "not remotely akin to the type of facts which may be appropriately
4  judicially noticed."  *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal.
5  2008); *accord Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 976 n.19
6  (C.D. Cal. 2010) ("One court recently noted the danger of relying on Wikipedia:
7  'Wikipedia.com [is] a website that allows virtually anyone to upload an article into
8  what is essentially a free, online encyclopedia.  A review of the Wikipedia website
9  reveals a pervasive and, for our purposes, disturbing series of disclaimers, among
10 them, that:  (i) any given Wikipedia article may be, at any given moment, in a bad
11 state:  for example it could be in the middle of a large edit or it could have been
12 recently vandalized; (ii) Wikipedia articles are also subject to remarkable oversights
13 and omissions; (iii) Wikipedia articles (or series of related articles) are liable to be
14 incomplete in ways that would be less usual in a more tightly controlled reference
15 work; (iv) [a]nother problem with a lot of content on Wikipedia is that many
16 contributors do not cite their sources, something that makes it hard for the reader to
17 judge the credibility of what is written; and (v) many articles commence their lives
18 as partisan drafts and may be caught up in a heavily unbalanced viewpoint.' . . .
19 R. Jason Richards, *Courting Wikipedia*, 44 TRIAL 62, 62 (2008) ('Since when did
20 a Web site that any Internet surfer can edit become an authoritative source by which
21 law students could write passing papers, experts could provide credible testimony,
22 lawyers could craft legal arguments, and judges could issue precedents?')."
23 (citations and internal quotation marks omitted); *Walker v. Woodford*, 454 F. Supp.
24 2d 1007, 1024 (S.D. Cal. 2006); *see also In re Yagman*, 473 F. App'x 800, 801 n.1
25 (9th Cir. 2012) (declining to take judicial notice of Wikipedia); *Altman v. HO*
26 *Sports Co., Inc.*, 821 F. Supp. 2d 1178, 1181 n.2 (E.D. Cal. 2011) (same); *Blanks v.*
27 *Cate*, 2013 WL 1129280, at *3 n.4 (E.D. Cal. Mar. 18, 2013) (same); *Gonzales v.*
28 *Unum Life Ins. Co. of Am.*, 861 F. Supp. 2d 1099, 1104 n.4 (S.D. Cal. 2012)

1  (denying request for judicial notice because "the internet is not typically a reliable
2  source of information"); *Koenig v. USA Hockey, Inc.*, 2010 WL 4783042, at *3
3  (S.D. Ohio June 14, 2010) ("Courts have also expressed doubt about using Internet
4  sources such as Wikipedia as authority for any proposition because of the
5  opportunity for insertion of unreliable information into that website's content.");
6  *U.S. v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (web postings excluded as
7  hearsay); *JVC Kenwood Corp. v. Arcsoft, Inc.*, 966 F. Supp. 2d 1003, 1018 (C.D.
8  Cal. 2013) (same); *Osborn v. Butler*, 712 F. Supp. 2d 1134, 1147 (D. Idaho 2010)
9  (same).

10  Ms. Gerritsen addresses none of this authority. Instead, she cites a case in
11  which the court took notice of information on a *government* website. DN 14 at 11
12  (citing *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-669 (C.D. Cal.
13  2005)). But government websites are different in kind—and none of the 36 website
14  sources above, *see* Exs. 7-29, 30-41, 44-45, is such an official source. *Cf., e.g.,*
15  *U.S. v. Kane*, 2013 WL 5797619, at *9 (D. Nev. Oct. 28, 2013) (rejecting request
16  for judicial notice of motorcycle gang's website; "[C]ourts in the Ninth Circuit have
17  taken judicial notice of facts contained in governmental websites.... A motorcycle
18  gang's website, by contrast, does not instill a similar level of reliability.").

19  *3. Defendants' Website and Corporate Filings*. Four of Ms. Gerritsen's
20  proposed exhibits are print-outs from defendants' websites. These include: (1) a
21  company overview for Warner Bros. Entertainment Inc. (Ex. 4); (2) a similar
22  overview for New Line Cinema (Ex. 5); (3) a brief summary of Warner Bros.
23  Entertainment Inc.'s corporate history (Ex. 6); and (4) a biography of New Line
24  Cinema's President and COO, Toby Emerich (Ex. 30).[1] The corporate documents
25  Ms. Gerritsen submits include: (1) Time Warner Inc.'s Annual Report to
26  Stockholders for 2008 (Ex. 1); (2) Time Warner, Inc.'s 10K for 2008 (Ex. 2); (3)

---

[1] Plaintiff does not cite Exhibits 4, 5, or 6 in support of her proposed 15 noticeable "facts."

1  Time Warner, Inc.'s 10K for 2013 (Ex. 3); (4) an entry from the California
2  Secretary of State's website for Katja Motion Picture Corp. (Ex. 42); and (5) an
3  entry from the California Secretary of State's website for New Line Productions,
4  Inc. (Ex. 43).

5      Ms. Gerritsen claims that statements in these documents support her
6  vicarious liability theories because they say that New Line is Warner Bros.'
7  subsidiary, and that it "coordinates its … activities" with other Warner Bros.
8  affiliates. DN 13 at 9, 15, 18; 14 at 3. Even assuming arguendo that these
9  documents are the proper subject of judicial notice, Ms. Gerritsen cannot amend her
10 complaint by attaching them to her brief in opposition to defendants' Motion To
11 Dismiss. *Supra* at 1. Regardless, and as explained in defendants' concurrently
12 filed reply brief on their Motion to Dismiss ("Rule 12 Reply"), Ms. Gerritsen would
13 gain nothing from the Court considering these documents, as they do not evidence
14 any unusual or "manipulative" control by Warner Bros. *E.g.*, Rule 12 Reply at 10-
15 11, 15-17; *see also id.* at 9 n.2.

16     *5. Facts.* Finally, Ms. Gerritsen concedes that a court may only take judicial
17 notice of "news reports, press releases" and other third-party statements "insofar as
18 they indicate that certain information [] has been made known to the general
19 public—without regard to the truth of the facts asserted." DN 14 at 10. Yet she
20 asks the Court to violate this very rule and assume as true 15 asserted facts she has
21 culled from her 45 exhibits. Her requests for judicial notice should be denied.

22 Dated: September 12, 2014      Respectfully submitted,
23      O'MELVENY & MYERS LLP
24      By: /s/ Ashley Pearson

OMM_US:72577378