1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com (Lead Counsel)
3  ASHLEY PEARSON (S.B. #281223)
     apearson@omm.com
4  O'MELVENY & MYERS LLP
5  1999 Avenue of the Stars, 7th Floor
   Los Angeles, CA  90067-6035
6  Telephone:  (310) 553-6700
7  Facsimile:    (310) 246-6779

8  Attorneys for Defendants
   Warner Bros. Entertainment Inc.,
9  Katja Motion Picture Corp., and
   New Line Productions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY T. GERRITSEN, an individual, | CV14-3305-MMM (CWx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADDITIONAL REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; KATJA MOTION PICTURE CORP., a California corporation; and NEW LINE PRODUCTIONS, INC., a California corporation, | The Hon. Margaret M. Morrow<br><br>**Hearing Date:** Sept. 29, 2014<br>**Hearing Time:** 10:00 a.m.<br>**Courtroom:** 780 |
| Defendants. | |

Ms. Gerritsen asks the Court to take judicial notice of three blog posts from her self-published website:

- A September 13, 2010, post titled "Gravity and the Two Degrees of Separation" (Docket No. ("DN") 16 Ex. 48);
- An October 7, 2010, post titled "More Gravity Parallels. Weird." (*id.* Ex. 47); and
- An April 29, 2014, post titled "Regarding: Gravity," which re-publishes plaintiff's official press release, issued *after* she filed suit (*id.* Ex. 46).

1. She claims that statements within these exhibits provide context to the October 7, 2013, blog post that defendants submitted with their Motion by allowing her to explain her admission that after seeing the *Gravity* movie (the "Movie"), she determined it was not based on her book Gravity (the "Book"). *See* DN 9-1 Ex. D. All three of these exhibits contain hearsay that does not fall within any exception—and she cannot use her own admissions in the way defendants can use hers. *See* FED. R. EVID. 801, 802; *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (judicial notice may not be used to circumvent the hearsay rule); *Rocky Mtn. Farmers Union v. Goldstene*, 843 F. Supp. 2d 1042, 1053 (E.D. Cal. 2011).

Her press release, filed in support of this litigation is especially inappropriate for her to cite. *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1291 n.3 (11th Cir. 2009) ("press release lacks the indicia of reliability that are typically required of evidence admitted under an exception to the hearsay rule"); *Koenig v. USA Hockey, Inc.*, 2010 WL 4783042, at *3 (S.D. Ohio June 14, 2010) ("federal courts should be very reluctant to take judicial notice of information or documents that appear exclusively on websites which have been created and are maintained by one of the parties to a case").

2. Should the Court notice the existence of these exhibits, they only confirm how far-fetched Ms. Gerritsen's claims are. Two of the posts she submits were

published in *2010*—three years *before* Ms. Gerritsen saw the Movie. *See* DN 9-1 Ex. D at 43 (Oct. 7, 2013, blog post where Ms. Gerritsen says she saw the Movie "yesterday"). In these 2010 posts, she speculates that third-parties' descriptions of the Movie sound similar to her Book. DN 16 Exs. 47 at 6, 48 at 10. But Ms. Gerritsen's October 7, 2013, blog post makes clear that any skepticism she housed was eliminated upon seeing the Movie, DN 9-1 Ex. D at 43 (italics added):

> Actually, it's Day Eight on the road, but yesterday was our day off, and Hubby and I took a leisurely drive north from Washington to spend the night in beautiful Bloomington, where we indulged our inner geeks and went to see the film GRAVITY in 3D. Not Imax, alas, but holy cow, the special effects were astounding enough. *I've been peeved that my book GRAVITY was never made into a film (20th Century Fox owns the film rights). How I wished that Cuaron had told my story instead, but the movie he did make was a masterpiece of suspense.* Go go go to see it!

3. Ms. Gerritsen's 2014 press release claims she changed her mind about the Movie when she was told by a source "that at least one individual who was key to the development of the film *Gravity* had *also* been connected to her project." DN 16 Ex. 46 at 5. This simply recycles her vague, defective access allegations made in her complaint, and nowhere explains when and how defendants or Alfonso Cuarón made the Movie "based on" her book. Compl. ¶ 17.[1]

Dated: September 12, 2014

Respectfully submitted,
O'MELVENY & MYERS LLP
By:   /s/  Ashley Pearson

OMM_US:72577245

---

[1] Indeed, Ms. Gerritsen does not identify her "source" in the post or in her pleadings, and declined to amend her complaint to add any details explaining her insufficient theory of access.